UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOBY J. MASSE,<br><br>               Plaintiff,<br><br>    v.<br><br>PAT GLEBE *et al.*,<br><br>               Defendants. | CASE NO.  C10-5165RBL/JRC<br><br>ORDER TO SHOW CAUSE<br><br>Noted for April 30, 2010 |

       This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636(b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4.  The Court, having reviewed plaintiff's complaint and the balance of the record contained herein, does hereby find as follows:

       Plaintiff's allegations call into question the validity of a sentence he has served (Dkt. # 1 proposed complaint).  Specifically, plaintiff alleges defendants retaliated against him and part of the retaliation was an improper infraction that he was found guilty of committing.  The sanctions imposed included 15 days loss of good time credits (Dkt. # 1, proposed complaint, page 4).

ORDER - 1

Plaintiff seeks monetary damages and expungement of the records from his prison file (Dkt. # 1, proposed complaint page 5).

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under §1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> [A] §1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id.

Plaintiff's claims call into question the legality of the length of his served sentence. Plaintiff must have first raised these claims in the state court action, or, possibly, in a petition for writ of habeas corpus --not a §1983 civil rights claim for money damages. Plaintiff is no longer incarcerated and may not be able to file a habeas petition because he is not in custody. See 28 U.S.C. § 2254. The district court may entertain an application for a writ of habeas corpus only from a person in custody pursuant to the judgment of a state court. The custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. Hensley v. Municipal Court, San Jose Milpitas Judicial District, 411 U.S. 345, 351 (1973). The person must be in custody pursuant to the conviction or sentence under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

The requirement that a plaintiff first obtain relief in habeas is not automatically waived when a person is no longer in custody. Guerrero v. Gates, 442 F.2d 697 (9th Cir. 2006). However, a former inmate may be allowed to proceed if he did not have an opportunity while incarcerated to challenge the infraction through a state action or habeas petition. Guerrero v.

ORDER - 2

Gates, 442 F.2d, at 704, n. 16 (9th Cir. 2006).   Mr. Masse should be allowed the opportunity to argue why he could not pursue a habeas action on the 2008 disciplinary hearing in question.

Based on the forgoing findings, it is hereby ORDERED that **by no later than April 30, 2010**, plaintiff shall show cause why this matter should not be summarily dismissed.  In that argument, he should inform the court when he was released from prison and the reason, if any, that he could not pursue a habeas action before he was released.  If plaintiff fails to adequately respond, the Court will recommend dismissal of this action for failure to state a claim.

The Clerk is directed to send plaintiff a copy of this Order and the General Order

DATED this 31st day of March, 2010.

J. Richard Creatura
United States Magistrate Judge