|   |
|---|
| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TOBY J. MASSE,

              Plaintiffs,

      v.

PAT GLEBE, *et al*.,

              Defendants.

Case No.  C10-5165JLB/JRC

REPORT AND RECOMMENDATION

NOTED June 18, 2010

       This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

       The court entered an Order to Show Cause on March 31, 2010 (Dkt. # 5).  That order gave plaintiff until April 30, 2010 to show cause why this action should not be dismissed because plaintiff is challenging the duration of his sentence in a Civil Rights Action.

       Plaintiff has failed to respond to the Order to Show Cause.  The court recommends that this action be DISMISSED WITHOUT PREJUDICE as the cause of action has not yet accrued.

REPORT AND RECOMMENDATION- 1

DISCUSSION

Plaintiff challenges a disciplinary infraction where he was found guilty and the sanction involved 15 days loss of good-time (Dkt. # 4 complaint). He alleges the infraction was issued in retaliation for his grievances regarding access to the law library (Dkt. # 4). The sanction has not been reversed, expunged, or invalidated.

In June, 1994 the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, plaintiff challenges prison discipline that involved loss of good time. The claim cannot be considered because it calls into question the duration of plaintiff's confinement.

CONCLUSION

The action should be DISMISSED WITHOUT PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION- 2

1  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
2  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the
3  time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June
4  18, 2010, as noted in the caption.

Dated this 24th day of May, 2010.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3